|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | **PRIORITY SEND** |
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

Case No.   **CV 11-10368-JFW (JCx)**                                                   Date:  January 17, 2012

Title:     Michael Sapir, as trustee of the Sapir Family Trust -v- Home Depot U.S.A., Inc., et al.

**PRESENT:**
          HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

          **Shannon Reilly**                                        **None Present**
          **Courtroom Deputy**                                      **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                             None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES
                                    COUNTY SUPERIOR COURT

     On November 15, 2011, Plaintiff Michael Sapir as trustee of the Sapir Family Trust ("Plaintiff") filed a First Amended Complaint against Defendant Home Depot U.S.A., Inc. ("Defendant") in Los Angeles County Superior Court. On December 15, 2011, Defendant filed a Notice of Removal of Civil Action to United States District Court for the Central District of California ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)..

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  "A trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Moreover, some courts have held that "the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust." *Emerald Investors Trust v. Guant Parsippany Partners*, 492 F.3d 192, 205 (3rd Cir. 2007); *see also PDP La*

                                                                                   Initials of Deputy Clerk   sr

*Mesa LLC v. LaSalle Medical Office Fund II*, 2010 WL 3988598, at *3 (S.D. Cal. Oct. 12, 2010).  In its Notice of Removal, Defendant fails to allege the citizenship of the trustee or beneficiaries of the trust.

Accordingly, Defendant has failed to satisfy its burden of establishing that diversity jurisdiction exists.  This action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk   sr